**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **GE VERNOVA INC.,** | § | |
| | § | |
| | § | |
| *Plaintiff/Counter-Defendant,* | § | |
| | § | |
| v. | § | Civil Action No. 4:26-cv-03035 |
| | § | |
| **PREETHAM BALASUBRAMANYAM,** | § | |
| | § | |
| *Defendant/Counter-Plaintiff.* | § | |

**DEFENDANT/COUNTER-PLAINTIFF PREETHAM BALASUBRAMANYAM'S**
**ORIGINAL ANSWER AND COUNTERCLAIM**

Defendant/Counter-Plaintiff Preetham Balasubramanyam files this Original Answer to Plaintiff GE Vernova Inc.'s ("**Plaintiff**" or "**GEV**") Original Verified Petition (the "**Complaint**") and Counterclaim.

## I.     ANSWER

### DISCOVERY CONTROL PLAN

1.      Balasubramanyam admits that Plaintiff purports to proceed as set forth in Paragraph 1 but denies application of the Texas Rules of Civil Procedure to this removed action.

### PARTIES

2.      Balasubramanyam lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 2.

3.      Balasubramanyam denies he is a legal resident of Fort Bend County, Texas. Further, Balasubramanyam waived service and may be served via the undersigned counsel of record moving forward. Balasubramanyam denies all other allegations in Paragraph 3.

## JURISDICTION

4.      Balasubramanyam admits that Plaintiff purports to proceed as set forth in Paragraph 4 but denies that such jurisdictional requirements apply to this Court's jurisdiction. Balasubramanyam further denies that he is a legal resident of Texas. Balasubramanyam denies all other allegations in Paragraph 4.

## VENUE

5.      Balasubramanyam admits that Plaintiff purports to proceed as set forth in Paragraph 5 but denies that the cited venue rules are applicable in this Court. Balasubramanyam further denies that he has waived any objection to venue. Balasubramanyam denies all other allegations in Paragraph 5.

## RULE 47 STATEMENT

6.      Balasubramanyam denies that the Texas Rules of Civil Procedure apply in this action and that Plaintiff is entitled to the relief listed in Paragraph 6. Balasubramanyam denies all other allegations in Paragraph 6.

## FACTUAL BACKGROUND

7.      Balasubramanyam admits Plaintiff has an aeroderivative business and that GEV's gas turbines can generate different levels of power depending on their configuration. Balasubramanyam lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 7.

8.      Balasubramanyam admits he was previously employed as Plaintiff's Executive General Manager and Head of Aeroderivative Engineering and that he recently resigned to work for Bloom Energy. Balasubramanyam denies that Bloom Energy and Plaintiff are competitors, that his employment with Bloom Energy violates any valid non-compete agreements, or that his decision to join Bloom Energy "guarantees GEV's confidential information and proprietary trade

secrets ("Confidential Information") will be used to benefit a direct competitor." Balasubramanyam lacks sufficient knowledge or information to admit or deny whether Plaintiff was surprised by his resignation. Balasubramanyam denies all other allegations in Paragraph 8.

9.      Balasubramanyam denies Plaintiff is entitled to any of the relief described in Paragraph 9.

10.      Balasubramanyam lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 10.

11.      Balasubramanyam lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 11.

12.      Balasubramanyam admits the image in Paragraph 12 appears to be a GEV aeroderivative gas turbine. Balasubramanyam lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 12.

13.      Balasubramanyam lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 13 but generally denies that Bloom Energy and GEV are direct competitors.

14.      Balasubramanyam lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 14.

15.      Balasubramanyam denies that Bloom Energy and Plaintiff are direct competitors. Balasubramanyam lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 15.

16.      Balasubramanyam admits he worked for Plaintiff for over 18 years in the roles identified in Paragraph 16. Balasubramanyam denies the remaining allegations in this paragraph.

17.     Balasubramanyam admits he was involved in the technical aspect of Plaintiff's aeroderivative engineering portfolio but denies all other allegations in Paragraph 17.

18.     Balasubramanyam admits he generally had the responsibilities described in Paragraph 18.

19.     Balasubramanyam admits he generally had the responsibilities described in Paragraph 19 but denies that any information he had access to in his roles constitutes protectable confidential or trade secret information.

20.     Balasubramanyam admits that he received access to certain information during his GEV employment as alleged in Paragraph 20. Given the lack of specificity in Plaintiff's pleading, however, Balasubramanyam denies that such information constituted protectable confidential or trade secret information. Balasubramanyam denies any remaining allegations in Paragraph 20.

21.     Balasubramanyam admits he generally had the responsibilities described in Paragraph 21 but denies that any information he had access to in his roles constitutes protectable confidential or trade secret information.

22.     Balasubramanyam lacks sufficient knowledge or information to know exactly what steps, if any, Plaintiff takes in protecting information it believes is confidential or trade secret, or whether Plaintiff takes the steps vaguely described in Paragraph 22.

23.     Balasubramanyam denies the allegations in Paragraph 23 and further denies that any of this information constitutes protectable confidential or trade secret information.

24.     Balasubramanyam denies the allegations in Paragraph 24.

25.     Balasubramanyam denies the allegations in Paragraph 25.

26.     Balasubramanyam admits the allegations in Paragraph 26.

27.     Balasubramanyam admits the allegations in Paragraph 27.

28.     Balasubramanyam admits the allegations in Paragraph 28.

29.     Balasubramanyam lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 29.

30.     Balasubramanyam admits the agreements in question contain the language described in Paragraph 30 but denies its enforceability.

31.     Balasubramanyam admits the agreements in question contain the language described in Paragraph 31 but denies its enforceability.

32.     Balasubramanyam admits the EIPIA described in Paragraph 32 purports to bear his signature, and he further admits the EIPIA contains the language quoted in this paragraph. Balasubramanyam, however, denies the enforceability of such language.

33.     Balasubramanyam admits the agreements in question contain the language described in Paragraph 33 but denies that any information he received constitutes protectable confidential or trade secret information.

34.     Balasubramanyam admits the agreements in question contain the language described in Paragraph 34 but denies its enforceability.

35.     Balasubramanyam admits the allegations in Paragraph 35.

36.     Balasubramanyam admits the allegations in Paragraph 36.

37.     Balasubramanyam admits that his current job is Chief of Staff to the Chief Commercial Officer of Bloom Energy as alleged in Paragraph 37. Balasubramanyam denies all other allegations in this paragraph.

38.     Balasubramanyam denies the allegations in Paragraph 38.

39.     Balasubramanyam denies the allegations in Paragraph 39.

40.     Balasubramanyam denies the allegations in Paragraph 40.

41.     Balasubramanyam denies the allegations in Paragraph 41.

42.     Balasubramanyam admits he was hired by Bloom Energy. Balasubramanyam lacks sufficient knowledge or information to admit or deny the existence of any previous correspondence between GEV and Bloom Energy. Balasubramanyam denies the remaining allegations in Paragraph 42.

43.     Balasubramanyam admits GEV sent him a reminder of obligations letter as alleged in Paragraph 43 but denies all remaining allegations in this paragraph. Specifically, as Plaintiff is well aware, Bloom Energy responded to this letter on his behalf and directly answered the question as to why his new role would not conflict with his GEV non-competes: the fact that Bloom Energy hired him to work in California, which bans the enforcement of non-compete agreements against California workers. Despite this knowledge, Plaintiff has continued its enforcement efforts in direct violation of California law.

## CAUSES OF ACTION

**A.     Breach of Contract – The Grant Agreements**

44.     In response to Paragraph 44, Balasubramanyam incorporates his answers and responses to the preceding paragraphs of the Complaint.

45.     Paragraph 45 contains legal arguments and conclusions Balasubramanyam need not admit or deny. To the extent a response may be deemed required, Balasubramanyam denies the allegations and refers the Court to the cited agreements for their full text and true meaning.

46.     Balasubramanyam admits Plaintiff granted him equity awards but denies all other allegations in Paragraph 46.

47.     Balasubramanyam denies the allegations in Paragraph 47.

48.     Balasubramanyam denies the allegations in Paragraph 48.

49.     Balasubramanyam denies the allegations in Paragraph 49.

50.    Balasubramanyam admits that the non-compete restrictions do not apply where legally impermissible, such as California, as described in Paragraph 50. Balasubramanyam denies the remaining allegations in Paragraph 50.

51.    Balasubramanyam admits he is currently employed at Bloom Energy but denies all other allegations in Paragraph 51.

52.    Balasubramanyam denies the allegations in Paragraph 52, and further denies Plaintiff is entitled to the relief set forth in this paragraph.

53.    Balasubramanyam denies Plaintiff is entitled to the relief set forth in Paragraph 53 and refers the Court to the cited agreements for their full text and true meaning.

54.    Balasubramanyam denies Plaintiff is entitled to the relief set forth in Paragraph 54.

**B.    Breach of Contract – EIPIA**

55.    In response to Paragraph 55, Balasubramanyam incorporates his answers and responses to the preceding paragraphs of the Complaint.

56.    Paragraph 56 contains legal arguments and conclusions Balasubramanyam need not admit or deny. To the extent a response may be deemed required, Balasubramanyam denies the allegations and refers the Court to the cited agreements for their full text and true meaning.

57.    Balasubramanyam denies the allegations in Paragraph 57.

58.    Balasubramanyam admits he is currently employed at Bloom Energy but denies all other allegations in Paragraph 58.

59.    Balasubramanyam denies Plaintiff is entitled to the relief set forth in Paragraph 59 and refers the Court to the cited agreements for their full text and true meaning.

60.    Balasubramanyam denies Plaintiff is entitled to the relief set forth in Paragraph 60.

**C.      Trade Secret Misappropriation – TEX. CIV. PRAC. & REM. CODE § 134A.001 *et seq.***

61.      In response to Paragraph 61, Balasubramanyam incorporates his answers and responses to the preceding paragraphs of the Complaint.

62.      Balasubramanyam denies the allegations in Paragraph 62.

63.      Balasubramanyam denies the allegations in Paragraph 63.

64.      Balasubramanyam denies Plaintiff is entitled to the relief set forth in Paragraph 64.

**D.      Application for Temporary Restraining Order and Temporary Injunction.**

65.      In response to Paragraph 65, Balasubramanyam incorporates his answers and responses to the preceding paragraphs of the Complaint.

66.      Paragraph 66 contains legal arguments and conclusions Balasubramanyam need not admit or deny. To the extent a response may be deemed required, Balasubramanyam denies the allegations in this paragraph.

67.      Balasubramanyam denies the allegations in Paragraph 67 and refers the Court to the cited agreements for their full text and true meaning.

68.      Paragraph 68 contains legal arguments and conclusions Balasubramanyam need not admit or deny. To the extent a response may be deemed required, Balasubramanyam denies the allegations in this paragraph.

69.      Paragraph 69 contains legal arguments and conclusions Balasubramanyam need not admit or deny. To the extent a response may be deemed required, Balasubramanyam denies the allegations in this paragraph.

70.      Paragraph 70 contains legal arguments and conclusions Balasubramanyam need not admit or deny. To the extent a response may be deemed required, Balasubramanyam denies the allegations in this paragraph.

71.     Paragraph 71 contains legal arguments and conclusions Balasubramanyam need not admit or deny. To the extent a response may be deemed required, Balasubramanyam denies the allegations in this paragraph.

72.     Balasubramanyam denies the allegations in Paragraph 72.

73.     Paragraph 73 contains legal arguments and conclusions Balasubramanyam need not admit or deny. To the extent a response may be deemed required, Balasubramanyam denies the allegations in this paragraph.

74.     Paragraph 74 contains legal arguments and conclusions Balasubramanyam need not admit or deny. To the extent a response may be deemed required, Balasubramanyam denies the allegations in this paragraph.

75.     Balasubramanyam denies Plaintiff is entitled to the relief described in Paragraph 75 and refers the Court to the cited agreements for their full text and true meaning.

76.     Balasubramanyam denies Plaintiff is entitled to the relief requested in Paragraph 76.

77.     Balasubramanyam denies a hearing is warranted on Plaintiff's request for a temporary or preliminary injunction application or that Plaintiff is entitled to the relief requested in Paragraph 77.

78.     Balasubramanyam denies Plaintiff is entitled to the relief requested in Paragraph 78.

### ATTORNEYS' FEES

79.     In response to Paragraph 79, Balasubramanyam incorporates his answers and responses to the preceding paragraphs of the Complaint.

80.     Balasubramanyam denies Plaintiff is entitled to the relief requested in Paragraph 80.

## CONDITIONS PRECEDENT

81.     Paragraph 81 contains legal arguments and conclusions Balasubramanyam need not admit or deny. To the extent a response may be deemed required, Balasubramanyam denies the allegations in this paragraph

## REQUEST FOR RELIEF

82.     Balasubramanyam admits Plaintiff purports to seek the relief enumerated in its Request for Relief. However, Balasubramanyam denies Plaintiff is entitled to any such course of action, denies that Plaintiff is entitled to the relief requested, and further denies that there is any legal or factual basis for any such relief.

## II.    DEFENSES AND AFFIRMATIVE DEFENSES

Each and every allegation set forth in the Complaint not expressly admitted is herein denied. Additionally, Balasubramanyam hereby expressly reserves the right to amend this Answer or add additional defenses or other matters, as allowed by the Federal Rules of Civil Procedure and as discovery proceeds.

By pleading the following defenses, Balasubramanyam does not concede that he possesses, and he does not assume, the burden to prove each or any of them. Balasubramanyam maintains that Plaintiff retains the burden of proof on all matters necessary to state and maintain the claims asserted in its Complaint.

Without admitting liability as to any of Plaintiff's causes of action, Balasubramanyam asserts the following affirmative defenses and other matters:

## FIRST DEFENSE

Plaintiff's claims against Balasubramanyam are barred, in whole or in part, because Plaintiff has failed to state a claim for which relief may be granted.

## SECOND DEFENSE

Plaintiff's claims against Balasubramanyam are barred, in whole or in part, because any losses suffered by Plaintiff were not as a consequence of, or in reliance upon, any acts or omissions by Balasubramanyam.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because any injury or damages caused to Plaintiff were due in whole or in part to Plaintiff's own actions, inactions, and/or the negligence or acts of third parties.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, under the equitable doctrines of waiver, estoppel, laches, unclean hands, and/or ratification.

## FIFTH DEFENSE

Plaintiff is barred from relief due to Plaintiff's own failure to mitigate its damages, if any.

## SIXTH DEFENSE

Plaintiff's claims against Balasubramanyam are frivolous and brought in bad faith, entitling Balasubramanyam to attorneys' fees and costs.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Balasubramanyam was not the proximate cause of any of the alleged injuries or damages to Plaintiff.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the non-compete agreements in question are unenforceable pursuant to California Business & Professions Code § 16600.

## NINTH DEFENSE

The non-competes in question are illegal because they are void by statute or public policy, including as set forth in California Business & Professions Code § 16600.

## TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered any losses and Balasubramanyam has not been unjustly enriched as a result of any action or inaction of Balasubramanyam or his agents.

## III.   COUNTERCLAIM

Pursuant to Federal Rule of Civil Procedure 13, Defendant/Counter-Plaintiff Preetham Balasubramanyam brings the following counterclaim against Plaintiff/Counter-Defendant GEV. Balasubramanyam incorporates by reference his answers, defenses, and affirmative defenses set forth above as though fully set forth herein.

## PARTIES

1.      Counter-Plaintiff Balasubramanyam is an individual who, following his resignation from GEV effective March 27, 2026, accepted employment with Bloom Energy Corporation ("**Bloom Energy**") and is based in and performing his work in the State of California. Balasubramanyam may be served via the undersigned counsel.

2.      Counter-Defendant GEV is a Delaware corporation with its principal place of business at 58 Charles Street, Cambridge, Massachusetts 02141. GEV has appeared in this matter and, as such, may be served via its counsel of record.

## JURISDICTION

3.      The Court has jurisdiction over the counterclaim under 28 U.S.C. § 1332(a)(1) because Counter-Plaintiff and Counter-Defendant are citizens of different states and the amount in controversy exceeds $75,000, excluding interests and costs.

4.      In the alternative, the Court has supplemental jurisdiction over the counterclaim under 28 U.S.C. § 1367 because Balasubramanyam's counterclaims are so related to the claims

within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

**BACKGROUND**

**A.     California's Ban on Non-Compete Restrictions.**

83.     California Business & Professions Code § 16600 *et seq.* ("**Section 16600**") provides, in relevant part, that "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void," subject to certain narrow statutory exceptions not applicable here.

5.     The statute itself commands that Section 16600 "shall be read broadly, in accordance with *Edwards v. Arthur Andersen* (2008) 44 Cal.4th 937, to void the application of any noncompete agreement in an employment context, or any noncompete clause in an employment contract, no matter how narrowly tailored." Cal. Bus. & Prof. Code § 16600(b)(1).

6.     Section 16600 does not just void non-competes, it also makes it "unlawful to include a noncompete clause in an employment contract, or to require an employee to enter a noncompete agreement, that does not satisfy an exception" in the statute. Cal. Bus. & Prof. Code § 16600.1(a). "A violation of this section constitutes an act of unfair competition within the meaning of Chapter 5," which is California's unfair competition statute. Cal. Bus. & Prof. Code § 16600.1(c).

7.     Section 16600 further provides that any contract that is void under the statute "is unenforceable regardless of where and when the contract was signed." Cal. Bus. & Prof. Code § 16600.5(a).

8.     Critically, "[a]n employer or former employer shall not attempt to enforce a noncompete clause that is void" under § 16600 or § 16600.5 "regardless of whether the contract was signed and the employment was maintained outside of California." Cal. Bus. & Prof. Code

§ 16600.5(b). An employer that violates this provision "commits a civil violation." Cal. Bus. & Prof. Code § 16600.5(d).

9.     "An employee, former employee, or prospective employee may bring a private action to enforce this chapter for injunctive relief or the recovery of actual damages, or both." Cal. Bus. & Prof. Code § 16600.5(e)(1).

10.    In addition to injunctive relief and actual damages, a prevailing former employee is also "entitled to recover reasonable attorney's fees and costs." Cal. Bus. & Prof. Code § 16600.5(e)(2).

**B.     Balasubramanyam's GEV Employment.**

11.    Balasubramanyam was employed by GEV and its predecessor entities for over 18 years, most recently serving as Executive General Manager and Head of Aeroderivative Engineering for GEV's Power Segment.

12.    Balasubramanyam's GEV employment was based in Houston, Texas, and he lived in Houston with his family during the term of his GEV employment.

**C.     The Non-Competes.**

13.    During his employment, GEV required Balasubramanyam to execute various grant agreements as a condition of receiving equity-based compensation awards (collectively, the "**Grant Agreements**"). Section 7 of each Grant Agreement contains non-competition restrictions that purport to prohibit Balasubramanyam from working for any "Competitive Company" in the "Restricted Area" for one year following his separation from GEV (the "**Restriction Period**"). The non-compete provisions in each of the Grant Agreements are collectively referenced herein as the "**Non-Competes**."

14.     The Non-Competes state:

[T]he Grantee agrees that during the Restriction Period, the Grantee will not, without prior written approval from the Senior Human Resources Manager of the Grantee's Company business segment, or if the Grantee is a Section 16 Officer, the Committee, whether directly or indirectly, perform activities or services in the Restricted Area for any Competitive Company which: (a) are similar in nature to the activities and services the Grantee performed for the Company or any Affiliate (or gained confidential information about, as described in the Employee Innovation and Proprietary Information Agreement or similar agreement with the Company, or "EIPIA") during the last two years of Grantee's employment; and/or (b) will include Grantee working on products or services that are competitive with the products or services the Grantee worked on during the last two years of Grantee's employment with the Company or Affiliate.

Grant Agreements § 7.

15.     The Grant Agreements define "Competitive Company" as "any company or other third party that provides products and services that are competitive with the Company or any Affiliate." *Id.*

16.     Further, the Grant Agreements define "Restricted Area" as "any area within the county in which the Grantee is based where the Company or any Affiliate has material business operations as of Grantee's Termination of Employment and in which the Grantee has provided services, had a material presence or influence, or received confidential information about (as described in the EIPIA) at any time during the last two years of the Grantee's employment with the Company or any Affiliate."

17.     Critically, the Non-Competes expressly acknowledge that they do not apply in California: "The foregoing restrictions do not apply where legally impermissible (***such as California***)." *Id.* (emphasis added).

18.     The Grant Agreements do not have choice-of-law or venue/forum provisions.

**D.    Balasubramanyam Resigns His GEV Employment and Accepts New Employment in California.**

84.    On March 12, 2026, Balasubramanyam informed GEV that he was resigning from his position at GEV. Balasubramanyam notified GEV that he was considering a position with Bloom Energy.

85.    On March 19, 2026, prior to Balasubramanyam's departure, GEV, through its counsel at Reed Smith LLP, sent Balasubramanyam a letter purporting to remind him of his post-employment obligations under the EIPIA and the Grant Agreements, including his non-competition obligations, and threatening to seek injunctive relief and repayment of all equity compensation if Balasubramanyam accepted employment that GEV deemed to violate his non-compete covenants (including the position at Bloom Energy). In the March 19 letter, GEV acknowledged it believed Balasubramanyam intended to join Bloom Energy or another company.

86.    Bloom Energy, through its outside counsel, responded to GEV's letter on Balasubramanyam's behalf and directly informed GEV that Balasubramanyam had been hired to work in California, which prohibits the enforcement of non-compete agreements against California-based workers.

87.    Despite this knowledge, GEV continued its efforts to enforce the Non-Competes to preclude Balasubramanyam's Bloom Energy California employment.

88.    Balasubramanyam's GEV resignation became effective on or about March 27, 2026. Following his resignation, Balasubramanyam began a position with Bloom Energy as Chief of Staff to the Chief Commercial Officer. His position is based in California, and he physically performs his duties at Bloom Energy's headquarters in San Jose, California.

**E.     GEV's Unlawful Efforts to Enforce the Non-Competes.**

19.     On April 13, 2026, GEV filed its Original Verified Petition, Application for Temporary Restraining Order, and Request for Injunctive Relief in the District Court of Harris County, Texas. Despite its knowledge that Balasubramanyam's Bloom Energy position was based in California, GEV nevertheless requested the state court enter a temporary restraining order to enjoin Balasubramanyam from working at Bloom Energy.

20.     Balasubramanyam removed the matter to this Court on April 16, 2026.

21.     Throughout Balasubramanyam's separation and since the filing of this action, GEV has repeatedly attempted to enforce the Non-Competes to preclude Balasubramanyam's Bloom Energy employment in California. These efforts include filing a renewed request for temporary restraining order and preliminary injunction before this Court as well as ongoing threatening communications to Balasubramanyam.

22.     GEV's efforts to enforce the Non-Competes are a violation of Section 16600.

## CAUSE OF ACTION

### CAUSE OF ACTION NO. 1: VIOLATION OF SECTION 16600

23.     Balasubramanyam incorporates by reference the preceding paragraphs of the Counterclaim as though set forth fully herein.

24.     Section 16600 provides, in relevant part, that "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void."

25.     Section 7 of the Grant Agreements contains non-competes purporting to restrain Balasubramanyam's ability to work for a competitor.

26.     Pursuant to Section 16600, the Non-Competes are void to the extent GEV attempts to enforce them to preclude employment in California. Under such scenario, the Non-Competes

are void regardless of where they were executed or where Balasubramanyam's GEV employment took place.

27.     GEV has attempted to enforce the Non-Competes to preclude and enjoin Balasubramanyam's work for Bloom Energy in California.

28.     GEV has attempted to enforce, and continues to attempt to enforce, these void Non-Competes against Balasubramanyam by, among other things: (a) sending threatening correspondence demanding that Balasubramanyam cease his California-based employment with Bloom Energy; (b) filing this lawsuit seeking to enjoin Balasubramanyam from working at Bloom Energy; and (c) twice seeking a temporary restraining order to enjoin Balasubramanyam's ability to perform his job duties at Bloom Energy. GEV's enforcement efforts violate Section 16600.

29.     As a direct and proximate result of GEV's attempts to enforce the void Non-Competes, Balasubramanyam has suffered and continues to suffer actual injury, including but not limited to, interference with his employment at Bloom Energy, the costs and expenses of defending against GEV's enforcement efforts, and emotional and professional harm arising from the threat of injunctive relief and litigation.

30.     Pursuant to California Business & Professions Code § 16600.5(c), Balasubramanyam is entitled to recover his actual damages, injunctive relief, and reasonable attorneys' fees and costs incurred in connection with GEV's unlawful attempts to enforce the void Non-Competes.

### IV.     CONCLUSION

For these reasons, Balasubramanyam respectfully requests the Court enter judgment in favor of Balasubramanyam and against GEV, and grant Balasubramanyam the following relief:

i.     dismissal with prejudice of GEV's claims against Balasubramanyam;

ii.      a declaration that the Non-Competes are void and unenforceable as to Balasubramanyam's employment in California pursuant to Section 16600;

iii.    a permanent injunction prohibiting GEV from enforcing or attempting to enforce the Non-Competes against Balasubramanyam in connection with his employment in California

iv.    an award of actual damages sustained by Balasubramanyam as a result of GEV's unlawful enforcement of the void Non-Competes;

v.     an award of reasonable attorneys' fees and costs;

vi.    pre- and post-judgment interest at the highest rate allowed by law; and

vii.   all further relief to which Balasubramanyam may show himself justly entitled.

Dated: May 5, 2026.              Respectfully Submitted,

*/s/      Maria A. Garrett*
Marc D. Katz
Texas State Bar No. 00791002
SDTX No. 23809
marc.katz@vkhh.com
Maria A. Garrett, Attorney-in-Charge
Texas State Bar No. 24099673
SDTX No. 3327868
maria.garrett@vkhh.com
**VARTABEDIAN KATZ HESTER & HAYNES LLP**
2200 Ross Avenue
Suite 4200W
Dallas, Texas 75201
Tel: (469) 654-1340

***Counsel for Defendant***

## CERTIFICATE OF SERVICE

I certify that, on May 5, 2026,  a copy of this pleading was served on all counsel of record via the Court's electronic filing system.

*/s/      Maria A. Garrett*
Maria A. Garrett

**DEFENDANT/COUNTER-PLAINTIFF'S ORIGINAL ANSWER AND COUNTERCLAIM—PAGE 19**